THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TELLY NOR, Defendant-Appellant.

First District (1st Division)    No. 1—99—1374

Opinion filed June 11, 2001.

450

Rita A. Fry, Public Defender, of Chicago (Z. Peter Tokatlian, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a jury trial, defendant Telly Nor was convicted of the first degree murder of Alfonso Garner and the second degree murder of Rico Spears. Applying section 5—8—4(a) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—8—4(a) (West 1998)), the trial court sentenced defendant to consecutive sentences of 50 years' imprisonment for first degree murder and 14 years' imprisonment for second degree murder, for a total sentence of 64 years. On appeal, defendant challenges only the imposition of consecutive sentences, contending that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), section 5—8—4(a) of the Code is unconstitutional.

●1 The State contends that defendant has waived this issue because he did not challenge the charging instrument prior to the conclusion of his trial or challenge his sentence in a postsentencing motion. However, a party may challenge the constitutionality of a statute at any time. *People v. Wagener*, 196 Ill. 2d 269, 279 (2001). Therefore, we consider the merits of defendant's argument.

●2 In this case, the trial court imposed consecutive sentences pursuant to section 5—8—4(a) of the Code, which provides in relevant part as follows:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13, 12—14, or 12—14.1 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1998).

*Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120

S. Ct. at 2362-63. In *Wagener*, our supreme court held that *Apprendi* concerns are not implicated by consecutive sentencing, as consecutive sentences remain discrete and therefore "a determination that sentences are to be served consecutively cannot run afoul of *Apprendi*, which only addresses sentences for individual crimes." *Wagener*, 196 Ill. 2d at 286. The court further noted that each of defendant's individual sentences was within the statutory range established by the legislature. Accordingly, the *Wagener* court determined that section 5—8—4(b) of the Code (730 ILCS 5/5—8—4(b) (West 1998)), which allows the imposition of consecutive sentences where the sentencing court is of the opinion that such a term is necessary to protect the public from further criminal conduct by the defendant, passes constitutional muster. *Wagener*, 196 Ill. 2d at 286. Following the reasoning of *Wagener*, we conclude that section 5—8—4(a) of the Code also passes constitutional muster. Here, the sentences which run consecutively to each other are not transformed into a single sentence, but are discrete sentences each within the statutory range established by the legislature. None of the penalties for any of the individual sentences has been increased. Accordingly, we find no *Apprendi* violation and affirm the imposition of consecutive sentences.

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

McNULTY, P.J., and COHEN, J., concur.